IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID CIEMPA, )
 )
        Petitioner, )
 )
v. ) Case No. 10-CV-0421-CVE-PJC
 )
GREG PROVINCE, Warden, )
 )
        Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner is a state inmate and appears *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 6). Petitioner filed a response (Dkt. # 8). Petitioner has also filed a motion to strike (Dkt. # 7) and a request for discovery (Dkt. # 9). For the reasons discussed below, the Court finds that Petitioner's habeas corpus claims are procedurally barred. Therefore, the motion to dismiss shall be granted. Petitioner's motions to strike and for discovery shall be denied.

## *BACKGROUND*

In his petition (Dkt. # 1), Petitioner identifies the "judgment under attack" as the Journal Entry of Judgment entered April 18, 2007, in Oklahoma County District Court, Case No. CJ-2006-8226. Petitioner commenced that action to seek judicial review of a prison disciplinary proceeding. The record demonstrates that on July 6, 2006, Petitioner was found guilty of menacing, a Class X misconduct, at John Lilley Correctional Center (JLCC), resulting in the revocation of 365 earned credits. The incident giving rise to the misconduct involved a letter received by Michelle Watts, a kitchen supervisor at JLCC. See Dkt. # 6, Ex. 2 at 4-5. The Disciplinary Hearing Report reflects that the hearing took place on July 6, 2006, at 10:30 a.m. Id. at 18. The evidence relied on for the

finding of guilt consisted of "information that was written in letter to Michelle Watts to use alias names and address E.A. Dutton and Sonya Morton, was verified in inmate Ciempa #233589 field file jacket." Id. The report further reflects that "I/M refuse to attend disciplinary hearing." Id. An incident report, prepared by Sargeant Farrell and dated July 6, 2006, documents Petitioner's refusal to attend the disciplinary hearing. Id. at 17. The Disciplinary Hearing Report was reviewed and approved by the facility head on July 6, 2006. Id. at 18. Petitioner did not appeal his misconduct until February 2009.[1] See Dkt. # 6, Ex. 4. It was then rejected as untimely. Id. His request for a misconduct appeal out of time was denied. See Dkt. # 6, Exs. 5 and 6.

On October 5, 2006, Petitioner filed an application for judicial review in Oklahoma County District Court, Case No CJ-2006-8226. See Dkt. # 6, Ex. 8. On April 18, 2007, the district court entered a Journal Entry of Judgment denying the petition and dismissing the case in its entirety. Id., Ex. 7. The state district court reviewed the law and the relevant facts and ruled as follows:

> The records submitted demonstrate that Petitioner received advance written notice of his charge, the opportunity to present witness testimony and documentary evidence, a written statement of the reasons for the finding of his guilt, and a written statement of the reasons for the punishment imposed. "Some" evidence, (letter to staff member Michelle Watts, staff member's statement regarding the incident), supported the finding that Petitioner was guilty. The disciplinary hearing officer was not an employee who was involved in bringing the charge, and Petitioner failed to demonstrate that the hearing officer was biased in any manner. Therefore, all the due process factors set forth in 57 O.S. § 564.1 were afforded to Petitioner, and his action should be dismissed on these grounds.
>
> Furthermore, the evidence presented indicates that Petitioner failed to properly complete the appeals process prior to filing this action. Title 57 O.S.Supp. 2005 § 566(A)(1) requires a prisoner initiating any action in court against "any

---

[1] Rather than filing a timely appeal of the misconduct to the Director of the Department of Corrections ("DOC"), as required by disciplinary procedures, see OP-060125, Petitioner chose to submit a separate grievance. See Dkt. # 6, Ex. 3. He also claims to have pursued relief through the DOC's Internal Affairs. See Dkt. # 8.

2

> person, party or entity, the state, the Department of Corrections, another state agency, or political subdivision . . ." to demonstrate that he has fully and properly exhausted his administrative remedies. Because Petitioner had a disciplinary appeal available to him and he waived the appeal process, he failed to exhaust his administrative remedies. Thus, his Petition also should be dismissed pursuant to 57 O.S.Supp. 2005 § 566(A)(1).

(Dkt. # 6, Ex. 7). Petitioner did not pursue a timely appeal of the district court's ruling to the Oklahoma Court of Criminal Appeals (OCCA). However, on September 13, 2007, Petitioner filed a "belated motion for new trial" in the state district court. See Dkt. # 6, Ex. 8. That motion was denied on October 2, 2007. Id. On October 9, 2007, Petitioner filed a notice of intent to appeal. Id. On February 11, 2008, in No. MA-2007-1256, the OCCA dismissed the appeal as untimely, finding as follows:

> Appellant has failed to timely file this matter. He did not file this matter within thirty days from the District Court's final order issued April 17, 2007, as required by post-conviction and extraordinary writ procedures. Rules 5.2(C)(2) and 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008). Appellant didn't even file his petition in error in this matter within ninety days of the District Court's final order, as required in regular appeals. Rule 3.1(C), *Rules, supra*. Appellant's motion for new trial filed in the District Court did not stay appeal proceedings or absolve Appellant from the duty to file this appeal within the time provided by law. Rule 2.1(A)(1), *Rules, supra*. Therefore the above-styled appeal should be, and is hereby, **DISMISSED**.

(Dkt. # 6, Ex. 9).

On March 3, 2008, Petitioner filed his first federal petition for writ of habeas corpus regarding this misconduct. That petition was assigned Case No. 08-CV-119-CVE-FHM. By Opinion and Order filed January 12, 2009, that petition was dismissed without prejudice for failure to exhaust administrative and judicial remedies. Petitioner appealed. On August 12, 2009, the Tenth Circuit agreed with this Court's ruling and, for that reason, denied a certificate of appealability and dismissed the appeal.

On June 30, 2010, Petitioner filed the instant petition (Dkt. # 1), alleging that he was denied due process and access to courts during his efforts to exhaust administrative and judicial remedies. In response to the petition, Respondent filed a motion to dismiss requesting that Petitioner's claims be dismissed as procedurally barred.

*ANALYSIS*

**A. Motions to strike and for discovery**

As part of his response to the petition for writ of habeas corpus, Respondent provides progress notes prepared by the medical staff at JLCC during the time period surrounding the incident giving rise to the misconduct and the disciplinary hearing. See Dkt. # 6, Ex. 16. In his motion to strike (Dkt. # 7), Petitioner requests that the Court strike page 3 of Respondent's exhibit 16 because it contains confidential information related to his mental and emotional condition and treatment by Billie Eleves, Ph.D. See Dkt. # 7.

The Court finds the motion to strike shall be denied. As part of his response to the motion to dismiss, Petitioner himself refers to conversations with Dr. Eleves which occurred during his treatment. See Dkt. # 8, attached declaration. However, because Exhibit 16 contains unredacted medical information, the Court shall direct the Clerk to file Exhibit 16 to the motion to dismiss (Dkt. # 6) under seal.

The Court further finds that Petitioner's motion for discovery shall be denied. In light of the procedural posture of this case, Petitioner has failed to demonstrate good cause why discovery should be allowed. See Rule 6(a), Rules Governing Section 2254 Cases (requiring a party to demonstrate "good cause" for the requested discovery). He has failed to make specific allegations

4

demonstrating that if the facts are fully developed, he would be entitled to relief. Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

**B. Procedural bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted). "This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground [ ] unless the petitioner can demonstrate cause and prejudice or a miscarriage of justice.'" Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration in original) (citation omitted). In addition, state habeas petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. See Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies.") (citation omitted). The exhaustion requirement may be excused if exhaustion would be futile, i.e., there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." Magar, 490 F.3d at 818 (citations omitted).

The Oklahoma Department of Corrections provides procedures for obtaining administrative relief from a misconduct. A habeas petitioner must exhaust available administrative remedies by

following the procedures set forth in OP-060125, see http://www.doc.state.ok.us, including the completion of an administrative appeal to the Director or Director's Designee. In addition, Oklahoma law provides an available state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary conviction. See Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); see also Magar, 490 F.3d at 818-19 (Oklahoma provides judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). See Okla. Stat. tit. 57, § 564.1(D)(1)-(7).

The judicial review procedure expressly provides for appeal to the OCCA by "[e]ither party aggrieved by the final order of the district court . . . ." See id., § 564.1(G). The petition in error must be filed within thirty days from the date the final order adjudicating the petition for judicial review is filed with the clerk of the district court. See Rule 15.3(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App (2008).[2] As set forth above, the OCCA declined to exercise jurisdiction over Petitioner's appeal, finding the petition in error was untimely filed.

---

[2]As argued by Petitioner, the OCCA's rule establishing a 30-day time limit for perfecting an appeal from the district court's denial of a petition for judicial review was not adopted until 2008, or after entry of the order in Oklahoma County District Court, Case No. CJ-2006-8226. However, as noted by the OCCA in its order finding Petitioner's appeal to be untimely, Petitioner did not file his appeal within the 30-day time limit applicable to post-conviction and extraordinary writ appeals or even the 90-day time limit applicable to regular appeals.

Respondent contends that because Petitioner defaulted his administrative appeal when he refused to attend the disciplinary hearing, see OP-060125(IV)(C)(3) (providing that when "the offender refuses to attend the hearing, it will be documented and the disciplinary officer will impose discipline without a hearing, as the refusal to attend constitutes a waiver by the offender to [sic] an opportunity for a hearing or an appeal"), and because the OCCA declined to exercise jurisdiction over Petitioner's appeal, Petitioner is now procedurally barred from pursuing his federal claims. Respondent is correct that a procedural default of available administrative and/or state judicial remedies generally bars the prisoner from asserting the same claims in a federal habeas proceeding. See Magar, 490 F.3d at 819 (finding a habeas petition under § 2241 subject to dismissal for procedural default if "state court remedies [were] no longer available because the prisoner failed to comply with the deadline for seeking review") (citations omitted).

Petitioner's procedural defaults may be excused only if he demonstrates: (1) cause for the defaults and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice from the failure to consider his claims. See Magar, 490 F.3d 819. In his petition (Dkt. # 1), Petitioner identifies nine (9) grounds of error related to his efforts both to exhaust administrative and judicial remedies and to demonstrate his innocence of the misconduct. The habeas claims shall be adjudicated as Petitioner's attempt to overcome the procedural bar by demonstrating cause and prejudice and a fundamental miscarriage of justice.

As cause for his procedural default of administrative remedies, Petitioner claims that there was insufficient evidence demonstrating that his waiver of an administrative appeal was voluntary (grounds 8 and 9) and that he did not receive a copy of the Administrative Review Authority's ruling in time to take proper administrative action (grounds 4 and 5). See Dkt. # 1. Specifically, Petitioner

7

alleges that he did not refuse to attend the disciplinary hearing and that he "does not recall even speaking to Sgt. Farrell at the time in question." See Dkt. # 8. He further claims that he did not receive the ruling by the Administrative Review Authority dated September 1, 2006, until the second or third week of February 2007. Id. As cause for his procedural default of state judicial remedies, Petitioner claims that his failure to file a timely appeal with the OCCA was due to no fault of his own (grounds 1, 2, and 3). See Dkt. # 1. Specifically, he alleges that he failed to perfect a timely judicial appeal because he did not receive the district court's Journal Entry of Judgment denying his petition for judicial review of the prison disciplinary hearing, entered on April 18, 2007, until August 29, 2007. He also argues that the OCCA's rule establishing a 30-day time limit for perfecting an appeal from the denial of a petition for judicial review was not adopted until 2008, or long after his petition had been denied.

At the least, Petitioner's allegations of cause appear to raise questions of fact. However, the Court need not decide whether Petitioner has shown sufficient cause for either the default of his administrative appeal or the default of his judicial appeal, because Petitioner fails to satisfy the prejudice component of the exception to procedural bar. See Steele v. Young, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993) (where petitioner could not show cause for his procedural default, there is no need to consider the prejudice element). For a habeas petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750.

The record from the misconduct proceeding shows that on June 18, 2006, Michelle Watts, a kitchen supervisor at JLCC, reported receipt of a letter from Petitioner. See Dkt. # 6, Ex. 2. Ms. Watts stated that the letter caused her to be "in fear of my safety." Id. As a result of that incident,

8

Petitioner was charged with menacing, a class X misconduct. According to the investigator's report, dated July 2, 2006, Petitioner stated that the incident was "not a menacing he is not guilty." Id. The investigator's report provided notice to Petitioner that the disciplinary hearing was set for July 6, 2006, at 10:00 a.m. Petitioner signed the investigator's report on July 4, 2006, acknowledging receipt of the report and all attachments. Id. The Disciplinary Hearing Report reflects that the hearing took place on July 6, 2006, at 10:30 a.m. The evidence relied on for a finding of guilt consisted of "information that was written in letter to Michelle Watts to use alias names and address E.A. Dutton and Sonya Morton, was verified in inmate Ciempa #233589 field file jacket." Dkt. # 6, Ex. 2. The report further reflects that "I/M refuse to attend disciplinary hearing." Id. An incident report, dated July 6, 2006, documents Petitioner's refusal to attend the disciplinary hearing. Id. The Disciplinary Hearing Report was reviewed and approved by the facility head on July 6, 2006. Id.

The Tenth Circuit Court of Appeals has long recognized that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). Because prison disciplinary proceedings are not part of a criminal prosecution, however, "the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. Rather, the inmate's right to due process in a disciplinary proceeding requires only that he receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Additionally, the factfinder's conclusions must be supported by "some evidence in the record." Id. Determining

whether the "some evidence" standard has been met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Id</u> at 455-56. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> The disciplinary decision can be upheld by a reviewing court even if the evidence supporting the decision is "meager." <u>Id.</u> at 457.

In this case, the record supports the conclusion of the state district court, <u>see</u> Dkt. # 6, Ex. 7 at 3, that Petitioner's disciplinary proceedings satisfied due process requirements. He received advance written notice of the disciplinary charge, <u>see</u> Dkt. # 6, Ex. 2 at 1 and 6; he was provided the opportunity to call witnesses, <u>id.</u> at 6; and he received a written statement of the evidence relied on by the disciplinary officer and the reasons for the disciplinary action, <u>id.</u> at 18. The offense report and incident report including both the letter and the investigator's verification that the alias names and address used in the letter were contained in Petitioner's field file jacket, <u>see</u> Dkt. # 6, Ex. 2, constitute "some evidence" to support the disciplinary hearing officer's finding of guilt for menacing. <u>See</u> <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996) (offense report explicitly describing conduct provided evidence in support of finding of guilt); <u>Howard v. United States Bureau of Prisons</u>, 487 F.3d 808, 812 (10th Cir. 2007) (misconduct report was "some evidence" sufficient to support conviction for possession of drug paraphernalia on a theory of constructive possession). Based on the record, the Court finds that Petitioner has not shown the actual prejudice necessary to overcome the procedural defaults of his claims in administrative and state court proceedings.

Petitioner also claims to be innocent of the misconduct. A claim of actual innocence may serve to overcome the procedural bar under the fundamental miscarriage of justice exception. <u>See</u>,

10

e.g., Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (requiring showing of factual innocence to establish fundamental miscarriage of justice). In grounds 6 and 7 of the petition, Petitioner complains that his requests for a polygraph examination to prove his innocence were repeatedly denied. See Dkt. # 1. As discussed above, however, "some evidence" available at the time of the disciplinary hearing supported the misconduct. Under the facts of this case, prison officials were within their discretion to deny Petitioner's requests for administration of a polygraph examination. Furthermore, "a state inmate has no constitutional right to the use of a polygraph in a prison disciplinary hearing." Younger v. Saffle, 153 F.3d 730, *1 (10th Cir. 1998) (unpublished). Petitioner has not shown that failure to consider his claims will result in a fundamental miscarriage of justice.

Any challenge to the misconduct at issue in this case is procedurally barred. Therefore, Respondent's motion to dismiss should be granted. The petition shall be dismissed with prejudice as procedurally barred. In assessing whether Petitioner has shown prejudice sufficient to overcome procedural default of his claims, the Court has necessarily addressed the merits of Petitioner's claims. As an alternative holding, any due process challenge to the misconduct underlying Petitioner's claims should be denied on the merits.[3]

---

[3]The Tenth Circuit has held that where a case can readily be dismissed on the merits, the court can avoid analysis of the procedural bar issue. See, e.g., Brown v. Sirmons, 515 F.3d 1072, 1093 (10th Cir. 2008). The alternative recommendation of dismissal on the merits, therefore, is proper.

*CONCLUSION*

Petitioner's claims are procedurally barred. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to strike (Dkt. # 7) is **denied**.

2. The Clerk of Court shall file Exhibit 16 of Respondent's motion to dismiss (Dkt. # 6) **under seal**.

3. Petitioner's motion for discovery (Dkt. # 9) is **denied**.

4. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 6) is **granted**.

5. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

**DATED** this 22nd day of February, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT